# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT MERRITT,<br>    Plaintiff, | : <br> : <br> : |
| v. | :    CIVIL ACTION NO. 19-CV-2785 |
| MICHAEL MANCINI, *et al.*,<br>    Defendants. | : <br> : <br> : |

### MEMORANDUM

SCHMEHL, J.                                                                                   JULY //, 2019

Plaintiff Robert Merritt filed this civil action pursuant to 42 U.S.C. § 1983, based on his arrest and related criminal proceeding.[1] Merritt seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Merritt leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I. FACTS

Merritt's Complaint appears to be composed of two form Complaints submitted together. He names as Defendants police officers Michael Mancini and S Bat, the "Police Department of Allentown," the County of Lehigh, and the City of Allentown. The Court understands Merritt to be raising claims based on events that occurred in connection with his arrest on December 3, 2018 and related criminal charges filed against him. *See Commonwealth v. Merritt*, Docket No. MJ-31201-CR-0000587-2018.

---

[1] Merritt's Complaint refers to 18 U.S.C. §§ 241 and 242 as the bases for his claims, but those are criminal statutes that do not give rise to civil liability. *See Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (per curiam). As Merritt is proceeding *pro se*, the Court will instead construe his civil rights claims as having been brought pursuant to § 1983, which provides a basis for civil liability against state actors.

Merritt was arrested and charged with disorderly conduct and defiant trespass. Officer Mancini's affidavit of probable cause, which is attached as an exhibit to Merritt's Complaint, indicates that Merritt, who is homeless, was sleeping in a busy Dunkin Donuts store for an hour and that he refused to leave the store after being asked at least twice by Officer Mancini. According to the affidavit, Merritt accused Officer Mancini of assaulting him, claimed he was going to file a lawsuit against Mancini, and started yelling that Mancini violated his rights. (Compl., ECF No. 2 at 15.)[2] He allegedly continued to yell, and a worker told him he was being disruptive. After about five minutes, Merritt was taken into custody. The charges against Merritt were ultimately dismissed.

According to Merritt, Officer Mancini "assault[ed] and batter[ed]" him "for no reason at all." (Id. at 5.) He describes the assault has having occurred four times on his right shoulder and indicates that Mancini also assaulted him while effecting the arrest.[3] From there, Merritt was taken to the Allentown Police Department.

Merritt alleges that he was "kidnapped" and "held . . . hostage against [his] will . . . in a cell with no [toilet] [and] no running water." (Id. at 5.) Merritt indicates that Officer Bat "came over to help" and "infringed in Officer Mancini in assaulting and battering [him]." (Id.) He alleges that an unknown officer told him to remove a ring and that when he did not move fast enough, he was handcuffed by the unidentified officer and Officer Bat. The Officers "used [the cuffs] as a deadly weapon" and, when putting them on Merritt, bent his wrist causing him pain.

---

[2] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

[3] The relevant allegation here is Merritt's assertion that Mancini "[assaulted] [him] 4 time[s] on [his] right shoulder and then from there he stalk[ed] [him] from the sitting table of Dunkin Donuts to the cash register and [assaulted him] aging fo[r]cing [him] to hit the side window . . . and then forcing [him] to turn around and handcuffing [him] overly aggressively shoving [him] to the police car." (ECF No. 2-3 at 3.)

2

Merritt asserts that "this was a lynch mob attack because of the color of [his] skin also as well as being prejudice [by] [his] living status by being homeless." (*Id.*) Merritt indicates that his wrist was fractured and alleges that his hand required a cast. (ECF No. 2-3 at 3.) He alleges that he asked to go to the hospital but was denied medical care and instead kept in the cell for a period of seven hours. (*Id.*)

Merritt claims that he will need to apply for disability "because [his] hand won't be the same any more." (ECF No. 2 at 5.) He suggests that he lost the ability to pursue certain claims in litigation due to difficulty writing, but he does not clarify that allegation further. He seeks $100 million in damages.

## II. STANDARD OF REVIEW

The Court will grant Merritt leave to proceed *in forma pauperis* because it appears that he is not capable of pre-paying the fees to commence this civil action. Accordingly, Merritt's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Although the Court must take the Complaint's factual allegations as true, it must also "disregard legal conclusions and 'recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As Merritt is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

3

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Merritt's claims fail as pled with the exception of certain claims against Officer Bat.

### A. Claims Against Police Department of Allentown, County of Lehigh, and City of Allentown

Merritt has failed to plead a basis for a claim against Defendants Police Department of Allentown, County of Lehigh, and City of Allentown. To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (internal quotations omitted)).

Merritt does not allege that any of the claimed violations of his rights resulted from a municipal policy or custom. Accordingly, he has not stated a plausible claim against these municipal entities. Furthermore, subdivisions of local governments such as the Allentown Police Department are not proper parties to a § 1983 action; rather, the municipality is the proper

4

Defendant. *See Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Accordingly, the Court will dismiss Merritt's claims against these Defendants.

### B. Official Capacity Claims Against Officers Mancini and Bat

Merritt's claims against Mancini and Bat in their official capacities also fail. Official capacity claims against a local official such as a police officer are indistinguishable from claims against the municipality. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690, n. 55). In other words, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* As Merritt has not pled a basis for municipal liability, as discussed above, his official capacity claims fail.

### C. Individual Capacity Claims Against Mancini

The Court understands that Merritt is bringing claims against Mancini for arresting him, using excessive force in effectuating the arrest, imprisoning him, and filing charges against him. For the following reasons, Merritt has not pled a plausible basis for a claim against Mancini based on those events.

To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. A plaintiff asserting a malicious prosecution claim must establish that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *See McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).

Merritt's false arrest, false imprisonment, and malicious prosecution claims are based entirely on conclusory characterizations of Mancini's conduct. For instance, Merritt alleges that Mancini "stalked" and "kidnapped" him, but he does not allege facts that would plausibly establish he was arrested and prosecuted without probable cause. Without Merritt's factual version of events leading to his arrest and imprisonment, the Court cannot plausibly conclude that the arrest, imprisonment, or filing of charges was improper. Accordingly, the Court will dismiss these claims for lack of a sufficient factual basis as pled. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested").

6

Turning to Merritt's excessive force claim, a plaintiff must allege that the defendant's use of force was unreasonable to state such a claim. *See Estate of Smith v. Marasco*, 430 F.3d 140, 148 (3d Cir. 2005). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal quotations and citation omitted). Here, Merritt alleges that Officer Mancini "assaulted" him four times on the shoulder and "assaulted" him by "fo[r]cing [him] to hit the side window . . . and then forcing [him] to turn around and handcuffing [him] [and] overly aggressively shoving [him] to the police car." (ECF No. 2-3 at 3.) Those allegations are insufficient to plausibly establish that Mancini used excessive force when interacting with Merritt and effectuating the arrest. Indeed, leaving Merritt's characterizations aside, his factual allegations are equally consistent with a scenario in which Mancini tapped Merritt on the shoulder four times and ultimately handcuffed him without using any more force than necessary. Notably Merritt does not allege that he suffered any injuries as a result of the force used by Mancini, as opposed to the force used against him when he arrived at the jail. Accordingly, as pled, the Complaint does not allege sufficient facts to plausibly suggest that the amount of force Mancini used was unreasonable.

In sum, Merritt has not stated any plausible basis for a claim against Mancini. The Court will therefore dismiss his claims.

### D. Individual Capacity Claims Against Bat

Merritt will be permitted to proceed on his excessive force claim against Bat at this time. In contrast to his allegations against Mancini, Merritt alleges that Bat handcuffed him in a manner that caused him pain, fractured his wrist, required him to get a cast, and may have caused permanent injury. Taking these allegations as true, Merritt may proceed on his excessive force

7

claim against Bat. *See Olick v. Pennsylvania*, 739 F. App'x 722, 725 (3d Cir. 2018) (per curiam) (allowing excessive force claim to proceed where "Olick alleged that Maracinni shoved him across the floor, causing an injury to his shoulder that required medical attention"). He may also proceed on his claim that Bat denied him medical treatment for his injuries.[4]

To the extent Merritt brings a claim against Bat based on the conditions of the cell, his claim fails as pled. Pretrial detainees are protected from "punishment" by the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted). Here, Merritt alleges that he was held in a cell with no toilet or running water for seven hours. Although those conditions may not have been comfortable, Merritt has not alleged that they were sufficiently serious to amount to a constitutional violation, especially as there is no indication that he was either prevented from using the bathroom or denied basic necessities. *See Collier v. Adams*, 602 F. App'x 850, 853 (3d Cir. 2015) (holding that lack of running water in his cell for 77 hours was not "sufficiently serious"); *Alpheaus v. Camden Cty.*

---

[4] However, to the extent Merritt is attempting to assert a claim that he was denied access to the courts because of his injuries, his claim fails because he has not alleged that he lost the ability to pursue a non-frivolous claim and it is not clear why he could not have asked the Court for extensions of time as a remedy rather than filing a denial of access claim. *See Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) ("Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

8

*Corr. Facility*, Civ. A. No. 17-0180, 2017 WL 2363001, at *14 (D.N.J. May 31, 2017) (holding that 2-3 week inconvenience of no running water in prison cell did not equate to constitutional violation); *cf. Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("While the lack of access to a lavatory can offend the Eighth Amendment if it is particularly dehumanizing, results in unsanitary conditions, or endangers the health of the prisoner, Lindsey has shown no such harm." (internal citation omitted)).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Merritt leave to proceed *in forma pauperis* and dismiss his Complaint with the exception of his claims against Officer Bat for excessive force and denial of medical care. This dismissal will be without prejudice to Merritt's right to file an amended complaint within thirty (30) days in the event he can allege facts to cure the defects in any of the dismissed claims discussed above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). If Merritt decides not to file an amended complaint, the Court will direct service on Officer Bat only. The Court will defer service at this time pending Merritt's decision to file an amended complaint. An appropriate Order follows.