## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT MERRITT,           :     Civil No.  19-2785

           Plaintiff,    :

     v.             :

                  :

POLICE OFFICER ERIC SBAT   :

-and-                  :

                  :

POLICE OFFICER MICHAEL MANCINI, :

                  :

          Defendants. :

## COMPLAINT AND JURY DEMAND

Plaintiff, Robert Merritt, by and through his undersigned counsel, the O'Hanlon Law Firm, P.C., and with the permission and prospective Order of the Court, hereby demands a trial by jury and complains against the above-captioned Defendants in the present Complaint as follows:

### Statement of Claim and Jurisdiction

1.      This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment to the United States Constitution against Defendant Police Officers in their individual capacities acting under color of law.  In addition, there was a conspiracy between Defendant Police Officers to deprive Plaintiff of the rights and privileges afforded by 42 U.S.C. § 1983 and the United States Constitution and this conspiracy was initiated and intended to intimidate Plaintiff to deprive Plaintiff of his Fourth Amendment rights including by initiating a malicious prosecution and these action are violative of 42 U.S.C. § 1983.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 and the state law claim elucidated

herein is subject to pendent jurisdiction allowing federal courts to entertain state law claims arising from incident cognizable under federal law pursuant to 28 U.S.C. § 1367.

2.      It is alleged that the individual Defendant Police Officers made an unreasonable seizure of the person of Plaintiff by initiating a false arrest without any legal basis, violating his rights under the Fourth Amendment to the United States Constitution.  Plaintiff's Fourth Amendment rights were violated further by a violent, unnecessary, unjustified, and excessive use of force on Plaintiff.  It is alleged further that the individual Defendants also violated federal law, contrary to the Forth Amendment, and Pennsylvania tort law by initiating and perpetuating a conspiratorial malicious prosecution against Plaintiff.

### Parties

3.      Robert Merritt (hereinafter "Plaintiff") is a resident of Lehigh County and a citizen of the United States and the Commonwealth of Pennsylvania.

4.      Defendant Police Officers, Eric Sbat and Michael Mancini (hereinafter "Defendant Sbat" or "Defendant Mancini" or "Defendant Officers") were at all times relevant to this Complaint duly appointed and acting as police officers, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Pennsylvania and/or the Allentown Police Department.

### Facts

5.      On the morning of December 3, 2018, Plaintiff was in the Dunkin' Donuts on 6th Street in Allentown.  Both staff members at the premises had no problem with Plaintiff being on the premises and had given Plaintiff permission to be present.

2

6.      Despite this, Defendant Sbat, with Defendant Mancini lending his physical and verbal support, repeatedly struck Plaintiff.  Defendant Sbat hit Plaintiff four times on Plaintiff's right shoulder with Defendant Sbat using his hands to do so for no reason whatsoever.

7.      Plaintiff had permission to be present on the premises and did not resist the officers' aggression in any way.  Despite this, both Defendant Officers grabbed Plaintiff, handcuffed Plaintiff, and transported Plaintiff to the Allentown Police Department.  Plaintiff had done nothing illegal and there was thus no basis for his seizure and arrest by Defendant Officers.

8.      Plaintiff was transported to the Allentown Police Department.  Plaintiff was in a holding cell and was handcuffed.  Despite this, both Defendants, acting together in concert and under a joint venture, assaulted and battered Plaintiff, causing Plaintiff's wrist to be fractured in an attempt to remove a ring from Plaintiff's finger.  Again, Plaintiff was not doing anything wrong and was not aggressive in any way.

9.      Plaintiff requested medical treatment but Defendant Officers refused medical treatment and Defendant Officers both threatened Plaintiff with further meritless charges if Plaintiff sought medical treatment.

10.     Plaintiff was detained in police custody for approximately 10 hours.

11.     Plaintiff was determined to have a fractured wrist at St. Luke's Hospital in Allentown when Plaintiff went to the hospital alone following release from police custody.

12.     Plaintiff attended District Court in Allentown on December 19, 2018 and all charges were dismissed by Magisterial District Judge Karen C. Devine.  Plaintiff was falsely charged with Disorderly Conduct (Unreasonable Noise) and Trespass when he had not made any noise or trespassed.  Defendant Officers knew this to be false.  Defendant Sbat lied and stated

that he was employed also by Dunkin' Donuts. Both officers, acting together, had initiated the false changes when they knew the charges to be false and without any factual basis.

13.    At all times during the events described above, Defendant Officers were engaged in a joint venture. The individual Defendant Officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

14.    As a direct and proximate result of the said acts of Defendant Police Officers, Plaintiff suffered the following injuries and damages:

a.    Violation of his Constitutional rights under the Fourth Amendment to the United States Constitution;

b.    Loss of physical liberty;

c.    Emotional injury;

d.    Bodily injury;

15.    The actions violated the following clearly established and well-settled federal constitutional rights of Plaintiff and well-settled Pennsylvania law:

a.    Freedom from unreasonable seizure of his person and arrest without legal basis;

b.    Freedom from excessive and unjustified use of force under color of state law;

c.    Malicious prosecution based upon direct action and a conspiracy to discourage Plaintiff from complaining and attempt to enforce the Constitutional rights articulated in the present amended Complaint.

**Causes of Action**

## COUNT ONE:  42 U.S.C. § 1983 – FOURTH AMENDMENT ILLEGAL SEIZURE AND FALSE ARREST AGAINST ALL DEFENDANTS

16.     Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth.

17.     Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against all Defendants for infringing upon his Fourth Amendment rights to be free from unreasonable and illegal seizure of his person and false arrest because Plaintiff had done nothing wrong or illegal that would warrant seizure and/or arrest.

18.     Plaintiff was illegally seized by Defendant Officers, acting in concert, when he was seized and arrested, when Defendant Officers threatened Plaintiff with serious bodily injury.

19.     Each Defendant Officer had personal involvement in the infringement of Plaintiff's Fourth Amendment rights.

20.     Defendant Officers acted under color of law.

21.     Accordingly, Plaintiff should be compensated for the violation of his Fourth Amendment rights to be free from illegal and unreasonable seizure and arrest.

## COUNT TWO:  42 U.S.C. § 1983 – FOURTH AMENDMENT EXCESSIVE USE OF FORCE AGAINST ALL DEFENDANTS

22.     Paragraphs 1 through 21 are incorporated herein by reference as though fully set forth.

23.     Defendant Officers, acting in concert and under color of state law, attacked Plaintiff for no reason with Defendant Sbat hitting Plaintiff with Defendant Sbat's hands. Defendant Officers also threatened Plaintiff with serious bodily injury.

24.     Plaintiff, who is homeless, was subjected to further excessive force and injury which necessitated hospital treatment when both Defendant Officers attacked Plaintiff at the police station, when Plaintiff was already handcuffed, causing a fracture to Plaintiff's wrist. There is no justification for the force used by Defendant Police Officers against Plaintiff.

25.     Plaintiff should, therefore, be compensated for the violation of his Fourth Amendment rights not to be subjected to excessive use of government/police force.

## COUNT THREE:  42 U.S.C. § 1983 – FOURTH AMENDMENT MALICIOUS PROSECUTION AGAINST ALL DEFENDANTS

26.     Paragraphs 1 through 25 are incorporated herein by reference as though fully set forth.

27.     Defendant Officers initiated a meritless criminal proceeding against Plaintiff, the criminal proceeding ended in Plaintiff's favor when the charges were dismissed, Defendant Officers initiated the criminal proceedings without probable cause, Defendant Officers acted maliciously or for a purpose other than bringing Plaintiff to justice, and Plaintiff suffered deprivation of liberty and was arrested and incarcerated for 10 hours.

28.     There was no basis for arrest and Defendant Officers explicitly stated that they would thwart the criminal justice system to ensure that Plaintiff would not seek medical treatment and complain about his illegal arrest and beating.

29.     Plaintiff should, therefore, be compensated for the violation of his Fourth Amendment rights not to suffer malicious prosecution.

## COUNT FOUR:  PENNSYLVANIA TORT LAW - MALICIOUS PROSECUTION AGAINST ALL DEFENDANTS

30.     Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

31.     Defendant Officers instituted criminal proceedings against Plaintiff, Defendant Officers initiated a criminal proceeding without probable cause because they knew that there was no basis for arresting and prosecuting Plaintiff and only did so because Plaintiff complained to Defendant Officers, Defendant Officers acted with actual malice because they knew any allegations of criminality to be false and they just initiated criminal proceedings to intimidate Plaintiff and discourage Plaintiff from complaining further, and the criminal proceeding terminated in Plaintiff's favor.

32.     This malicious use of the criminal justice system is outside of the scope of legitimate police work and the whole process was based upon lies which Defendant Officers, acting together, knew to be lies and they articulated the baseless motive for their malicious prosecution.

### Prayer for Relief

WHEREFORE, Plaintiff requests that this Court:

a.     Award compensatory and emotional injury damages to Plaintiff and against Defendants;

b.     Award costs of this action to Plaintiff;

c.     Award reasonable attorneys' fees to Plaintiff;

d.     Award punitive damages, where appropriate, to Plaintiff in order to deter future practices and because of the baseless arrest and seizure of Plaintiff and outrageous use of

excessive force on a homeless individual and manipulation of the criminal justice system to discourage prospective meritorious complaints made by Plaintiff;

e.       Award such other and further relief as this Court may deem appropriate.


Respectfully submitted,

**The O'Hanlon Law Firm, P.C.**


STEPHEN T. O'HANLON, ESQUIRE


The O'Hanlon Law Firm, P.C.
BY:  Stephen T. O'Hanlon, Esquire
Attorney for Plaintiff
PA Bar ID # 208428
Israel A. Schwartz, Esquire
PA Bar ID # 327623
2 Penn Center, Suite 1410
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel:  (267) 546-9066
Fax: (215) 563-6617
steve@ohanlonlawfirm.com

### Demand for Jury Trial

Plaintiff hereby demands a jury trial.

The O'Hanlon Law Firm, P.C.

_____
STEPHEN T. O'HANLON, ESQUIRE

DATE:  November 20, 2020

The O'Hanlon Law Firm, P.C.
BY:  Stephen T. O'Hanlon, Esquire
PA Bar ID # 208428
Israel A. Schwartz, Esquire
PA Bar ID # 327623
2 Penn Center, Suite 1410
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel:  (267) 546-9066
Fax: (215) 563-6617
steve@ohanlonlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I, Stephen T. O'Hanlon, Esquire, hereby certify that the above Motion for Leave to Amend the Complaint and the Proposed Amended Complaint, have been served by opt-in CM/ECF electronic service on opposing counsel for Defendants.

**The O'Hanlon Law Firm, P.C.**

/s//

STEPHEN T. O'HANLON, ESQUIRE

DATE:  November 20, 2020

The O'Hanlon Law Firm, P.C.
BY:  Stephen T. O'Hanlon, Esquire
Attorney for Plaintiff
PA Bar ID # 208428
Israel A. Schwartz, Esquire
PA Bar ID # 327623
2 Penn Center, Suite 1410
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel:  (267) 546-9066
Fax: (215) 563-6617
steve@ohanlonlawfirm.com